UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RAPHAEL MENDEZ,<br><br>Plaintiff,<br><br>v.<br><br>FMC ROCHESTER,<br>Minnesota Employees and Office Titles AS:<br>ACTING WARDEN et al;<br>SIS COMMUNICATION MONITORING<br>SYSTEM et al,[1]<br><br>Defendants. | Case No. 17-cv-3768 (JRT/SER)<br><br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Raphael Mendez – a civilly committed detainee at FMC Rochester – filed a complaint alleging retaliation under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Mendez did not pay a filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP"). *See* ECF Nos. 2-3. His IFP application is now under consideration by the Court. For the reasons outlined below, the Court recommends that the application to proceed IFP be denied and this action be dismissed for failure to state a claim.

I. BACKGROUND

Mendez is an active litigant in the federal courts. A search for his name on Westlaw reveals a dizzying array of cases and challenges to both the conditions of his confinement and the confinement itself. Over the years, he has left no legal stone unturned. He has alleged judicial bias and has brought freestanding lawsuits against judges in this District alleging that they

---

[1] The defendants named in the caption are confusing but are nonetheless copied from Mendez's complaint.

"violated his constitutional rights by dismissing his . . . lawsuit." *Mendez v. Rosenbaum*, 2011 WL 3438493 (D. Minn. 2011); *Mendez v. Federal Bureau of Prisons*, 2010 WL 4628978 (8th Cir. 2010). He objects to orders and opinions at every turn. For example, recently, he objected when the Court ordered him to amend to clarify his confusing allegations and list of defendants. *See Mendez v. LaRiva*, 16-cv-4002 (ADM/BRT), ECF No. 4 (D.Minn. 2016). When the District Judge overruled his objections, he sought an interlocutory appeal, which was denied by the Eighth Circuit, and then sought to have the District Judge removed from his case for denying his claims. *Mendez v. LaRiva*, 16-cv-4002 (ADM/BRT), ECF Nos. 7, 12 (D.Minn. 2016). He has appealed orders denying his motion for free photocopies, to remove his attorney and to transfer his case to another district. *U.S. v. Mendez*, 2014 WL 2925162, 577 Fed. Appx. 166 (4th Cir. 2014); *U.S. v. Mendez*, 2016 WL 1638238, 647 Fed. Appx. 201 (4th Cir. 2016); *U.S. v. Mendez*, 2007 WL 2031449, 238 Fed. Appx. 951 (4th Cir. 2007); *In re Mendez*, 2008 WL 5531192 (D.C. Cir. 2008).

Mendez has filed writs of mandamus repeatedly even though he has been informed that they are a "drastic remedy." *In re Mendez*, 653 Fed.Appx. 158, 159 (3d Cir. 2016); *In re Mendez*, 2005 WL 1530220, 137 Fed. Appx 502 (3d Cir. 2005). He has filed petitions that very few people have ever heard of such as a "petition for a writ of quo warranto," which is apparently a suit against a public official that can only be brought by the U.S. Attorney or Attorney General. *Mendez v. Members of the U.S. Gov't*, 2011 WL 1215128 (D.D.C. 2011). And he has challenged his ongoing civil commitment through habeas petitions and writs of mandamus. *See e.g. In re Mendez*, 137 Fed. Appx. 502 (3d Cir. 2005); *Mendez v. Hadden*, 1994 WL 83775 (4th Cir. 1994); *Mendez v. BOP*, 2009 WL 3856925 (D. Minn. 2009); *Mendez v.*

*Craven*, 2008 WL 5640104 (E.D. N. Carolina); *U.S. v. Mendez*, 85 F.3d 618 (4th Cir. 1996). These scorched earth tactics are not successful but Mendez remains undeterred.

This time, Mendez has filed a federal lawsuit because a phone conversation with his brother was disconnected. Mendez's claims are unclear but he appears to be alleging that a group of defendants called "Minnesota Employees and Office Titles AS" and "SIS communication MONITORING System et al" (as well as FMC Rochester itself) retaliated against him by cutting off a phone call with his brother. ECF No. 1 at 3. He alleges that he was not provided information about the violation that he committed in order to have his phone conversation terminated or the name of the employee who disconnected the call. On that basis, it appears, he "believe[s] that these defendants are retaliatory in their wrong doings." ECF No. 1 at 4. He further alleges that he is "pretty sure that FMC Rochester . . . is ... obstructing [his] means of communication to the outside world on subject of [his] false imprisonment." ECF No. 1 at 4. As relief, he seeks to have the Court process all of his communications with the outside world so that the news media and Congress "can get their attention focused on Federal Government Corruption on [his] false imprisonment claim at FMC Rochester." ECF No. 1 at 4-5.

II. ANALYSIS

An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Pro se complaints are to be construed liberally, but they still must allege

sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must be able to infer more than a "mere possibility of misconduct" from the complaint. *Iqbal*, 556 U.S. at 679. Rather, a plaintiff must "nudge his claims . . . across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (citing *Twombly*). This determination of whether the complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678; *see also Magee v. Trustees of the Hamline University*, 747 F.3d 532, 535 (8th Cir. 2014). "Labels and conclusions" and "'naked assertion[s] devoid of 'further factual enhancement'" are insufficient for a complaint to survive screening for failure to state a claim. *See Iqbal*, 556 U.S. at 678.

Additionally, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676*; see also Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").

Mendez has not alleged sufficient facts in his complaint to nudge his retaliation claim from conceivable to plausible. Mendez implies retaliation based on his conclusion that there is no other explanation for the termination of his phone call. These vague allegations are too "indeterminate" for the Court to infer anything illegal occurred. *Braden v. Wal-Mart Stores*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Additionally, it is unclear who Mendez seeks to name as defendants and he has failed to provide sufficiently specific allegations against them for the Court to determine who they are let alone what they each did to him that was illegal. Mendez's caption describes the defendants as "Minnesota Employees and Office Titles AS" and "SIS communication MONITORING System et al." These titles are indecipherable and do not meet the requirement of Rule 8 of the Federal Rules of Civil Procedure that his allegations be "plain" and "simple, concise, and direct."

Finally, the substantive allegations "of retaliation [are] speculative and conclusory" and Mendez does not adequately "allege that defendants were involved in or affected by his previous litigation, [or] allege sufficient facts upon which a retaliatory animus could be inferred." *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (affirming dismissal of retaliation claim by a prisoner under the more lenient pleading standard of *Conley v. Gibson*, 355 U.S. 41 (1957)). Mendez seeks to have the Court imply retaliation by unknown defendants *because* he has filed other lawsuits. At this juncture, however, Mendez's other lawsuits make his allegations less, not more, plausible. He has been informed of the pleading requirements before and has once again presented the Court with vague allegations against a baffling list of defendants.[2] *See Mendez v. LaRiva*, 16-cv-4002 (ADM/BRT), ECF No. 3 (D.Minn. 2016).

---

[2] If Mendez was a prisoner rather than a civilly committed detainee, he would already have three strikes against him under 28 U.S.C. § 1915(g) for failing to state a claim in three of his lawsuits and would be required to pay the filing fee as a deterrent to filing non-meritorious actions.

In the past, the Court has provided Mendez with the opportunity to amend his complaint when he failed to state a claim but Mendez relentlessly challenged the order that provided him with that opportunity. *See Mendez v. LaRiva*, 16-cv-4002 (ADM/BRT), ECF No. 4 (D.Minn. 2016). Mendez has been informed of the pleading requirements before and has nonetheless filed another complaint that does not meet them. In the interests of judicial economy, the Court will therefore proceed directly to recommending dismissal. The federal *in forma pauperis* statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948). The flip side of that coin, however, is that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id*. Based on his litigation history, the Court is not concerned at this juncture that Mendez lacks "meaningful access" to the courts. The Court therefore recommends dismissal without prejudice for failure to state a claim.

RECOMMENDATION

Based on the foregoing, an on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED without prejudice.

2. Plaintiff Mendez's application for leave to proceed *in forma pauperis* (ECF Nos. 2-3) be DENIED as moot.

Dated: September 27, 2017               s/ *Steven E. Rau*
                                                                             Steven E. Rau
                                                                             U.S. Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).