## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

RAPHAEL MENDEZ,

               Plaintiff,

v.

FMC ROCHESTER, ACTING WARDEN,
and SIS COMMUNICATION
MONITORING SYSTEM,

               Defendants.

Civil No. 17-3768 (JRT/SER)

**MEMORANDUM OPINION AND
ORDER ADOPTING REPORT AND
RECOMMENDATION**

---

Raphael Mendez, No. 01649-094, FMC Rochester, PMB 4000, Unit 1/2, Rochester, MN 55903, *pro se*.

Plaintiff Raphael Mendez has objected to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Steven E. Rau recommending that Mendez's application to proceed in forma pauperis ("IFP") be denied and his complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. After an independent review of the files, records, and proceedings, the Court will conclude that Mendez's complaint fails to state a claim and will adopt the R&R, overrule Mendez's objection, and dismiss the complaint.

## BACKGROUND

Mendez is an inmate at FMC Rochester. (Compl. ¶ I, Aug. 16, 2017, Docket No. 1.) He claims that the defendants have retaliated against him by preventing him from

communicating with his family and brings this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*Id.* ¶ IV.)

On September 27, 2017, Magistrate Judge Rau issued an R&R recommending that Mendez's IFP application be denied and his complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. (R&R at 3-6, Sept. 27, 2017, Docket No. 8.) No objections had been filed by the October 11, 2017 deadline. On October 12, 2017, this Court entered an Order adopting the R&R. (Order, Oct. 12, 2017, Docket No. 9.) The day after the filing of that Order, Mendez filed an objection to the R&R. (Pl.'s Obj., Oct. 13, 2017, Docket No. 11.) In light of Mendez's objection, the Court stayed its October 12 Order so that the Court could consider Mendez's objection. (Order, Nov. 1, 2017, Docket No. 15.)

## DISCUSSION

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive matters, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are

reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

In determining whether a complaint states a claim on which relief may be granted, the Court considers all facts alleged in the complaint as true to determine if the complaint seeks "relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Generally, Mendez's complaint alleges that a group of defendants "retaliated against him by cutting off a phone call with his brother." (R&R at 3.) But Mendez's complaint makes only vague, conclusory allegations that he has been the subject of retaliation. (*See* Compl. ¶ II.) Mendez states only that he "believe[s] the SIS monitoring Dept. has [r]igged" the phone. (*Id*. ¶ IV.5.) Without more, Mendez's complaint fails to sufficiently allege unlawful retaliation.

Mendez's objection to the R&R does not address the reasons that the Magistrate Judge gave for recommending that the Court deny his IFP application and dismiss his

- 3 -

complaint.  Rather, Mendez objects to particular words and phrases in the R&R.  For example, Mendez objects to the Magistrate Judge's characterization of the named defendants in this action as "confusing."  (Obj. at 4; *see* R&R at 1 n.1.)  Mendez states that officials at FMC Rochester did not provide him with the names of the individuals that Mendez sought to name in this action.  (Obj. at 5.)  Although Mendez is not required to use the correct legal names of the defendants in an initial complaint, *see Bivens*, 403 U.S. at 388, he is required to plead facts that plausibly state a claim for relief.  Fed. R. Civ. P. 8, 12(b)(6); *Iqbal*, 556 U.S. at 678.

Mendez also objects to the Magistrate Judge's use of the phrase "scorched earth tactics" to describe previous lawsuits Mendez has filed in various federal courts.  (Obj. at 4; *see* R&R at 3.)  Mendez's objection then proceeds to recount many of the allegations in his previous lawsuits.  (Obj. at 4-8.)  Mendez also objects to the R&R on the ground that the Court is biased against him.  (Obj. at 9-14.)  These objections do not persuade the Court that Mendez's complaint states a claim on which relief may be granted.  The Court will therefore overrule Mendez's objection, adopt the R&R, deny Mendez's motion, and dismiss his complaint.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Objection [Docket No. 11] is **OVERRULED**, and the Magistrate Judge's Report & Recommendation [Docket No. 8] is **ADOPTED**.

2.      Plaintiff's Motion to Proceed In Forma Pauperis [Docket No. 3] is **DENIED**.

3.      Plaintiff's Complaint [Docket No. 1] is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  December 29, 2017                    _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                            Chief Judge
                                               United States District Court